SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
jpollaci@seyfarth.com
Sumithra R. Roberts (SBN 256078)
sroberts@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>(Kern County Superior Court, Case No. BCV-23-102981)<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Date Action Filed: September 6, 2023 |

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

Please take notice that Defendant LOWE'S HOME CENTERS, LLC, ("Lowe's" or "Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California. Defendant states that removal is proper for the following reasons:

## I.    BACKGROUND

1. On September 6, 2023, Plaintiff LILLIAN ORTIZ ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Kern, entitled, *Lillian Ortiz v. Lowe's Home Centers, LLC, et al.*, designated as Case No. BCV-23-102981. In the Complaint, Plaintiff alleges eleven (11) causes of action: (1) Failure to Provide Meal Breaks; (2) Failure to Provide Rest Breaks; (3) Failure to Pay Wages; (4) Failure to Pay Overtime; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Violation of Business & Professions Code §§ 17200-17208; (7) Retaliation in Violation of the FEHA; (8) Gender and Race Discrimination in Violation of the FEHA; (9) Hostile Work Environment in Violation of the FEHA; (10) Failure to Prevent Retaliation, Discrimination, and/or Harassment in Violation of the FEHA; and (11) Wrongful Termination in Violation of Public Policy.

2. On September 13, 2023, Plaintiff served Lowe's Home Centers, LLC, with the Summons and Complaint through its registered agent for service or process. On September 27, 2023, Plaintiff served Lowe's with a Notice of Case Management Conference. True and correct copies of these documents served on Lowe's are attached as **Exhibit 1.**

3. On October 11, 2023, Lowe's filed its Answer to the Complaint in Kern County Superior Court. A true and correct copy of Lowe's Answer filed in Kern County Superior Court is attached as **Exhibit 2**.

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

4.     **Exhibit 1** and **Exhibit 2** constitute all of the pleadings properly served on Lowe's and/or filed by Lowe's in the state court action prior to filing this Notice of Removal. The only hearing currently scheduled in the Kern County Superior Court in the state court action is a Case Management Conference scheduled for March 11, 2024, in the Bakersfield Traffic Courtroom Department T-2 of the Kern County Superior Court. (*Id.*)

## II.     TIMELINESS OF REMOVAL

5.     This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S.Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (*See* Declaration of Sumithra Roberts ["Roberts Dec."] ¶¶ 2-3.)

## III.     JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.     The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A.     FOR PURPOSES OF THIS ACTION, PLAINTIFF IS A CITIZEN OF CALIFORNIA

7.     "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut.*

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

*Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

8.     At the time Plaintiff filed this civil action on July 6, 2023, she was a resident of the State of California.

9.     At all relevant times pertinent to this action, Plaintiff was a resident of the State of California. (Compl. ¶ 1.)  Plaintiff also confirmed that she was a California resident when she filed the Complaint.  (*Id.*, Plaintiff "was and is an individual who resided in the State of California….")  Plaintiff was hired by Defendant within the State of California on November 15, 1999 , and worked for Defendant until August 19, 2020 in Kern County, California, as a Sales Specialist in Lowe's Pro Services Department. (Compl. ¶ 6; Declaration of Grace Ridley ["Ridley Dec."] ¶ 6.) Plaintiff's home address on file with Lowe's during the entire time period that she worked for Lowe's Home Centers, LLC, was within the State of California. (Ridley Dec." ¶ 6.) There are no documents in Plaintiff's personnel file to suggest that at any time during her employment she was a resident or citizen of any state other than California. (Ridley Dec. ¶ 6.)

### B.     DEFENDANT IS NOT A CITIZEN OF CALIFORNIA

10.     A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

11.     Moreover, for purposes of removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its

4

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12. Plaintiff was employed only by Lowe's Home Centers, LLC. (See Ridley Dec. ¶ 6.) Its sole member is Lowe's Companies, Inc. (Ridley Dec. ¶ 3.)

13. Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 4.)

14. Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (Ridley Dec. ¶ 5.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id.*) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id.*) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id.*) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id.*) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.)* Thus, Defendant Lowe's Companies, Inc., is a citizen of North Carolina, not California. Accordingly, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

## C. DOE DEFENDANTS' CITIZENSHIP

15. The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

16. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

18.    Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

19.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred

6

percent accuracy"). Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

20. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

21. The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

22. Here, Plaintiff alleges under various legal theories that "[a]s a result of Defendant's … wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages." (Compl. ¶¶ 38, 42, 61.) Plaintiff also alleges that she "has suffered general damages, as she was psychologically and emotionally injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction…" (Compl. ¶¶ 78, 109, 126.) As such, Plaintiff alleges she is entitled to economic and non-economic damages, attorneys fees, costs of suit, punitive

7

305121513v.2

damages and all other damages allowed by law in a sum according to proof at time of trial and in excess of the minimum jurisdiction of this court." (Compl. Prayer for Relief ¶¶ 1-13.)

23. **Economic Damages.** In her Complaint, Plaintiff seeks to recover special/ economic damages including but not limited to damages for the loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and other employment benefits, including interest and prejudgment interest for such alleged damages (Compl. Prayer for Relief ¶¶ 1-3); and for "special damages according to proof with interest thereon (Compl. Prayer for Relief ¶ 5).

24. Plaintiff's Complaint alleges claims under FEHA. Under such sections, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

25. Plaintiff was hired by Defendant in November 1999 and worked for Lowe's until her termination on August 19, 2020. (Compl. ¶ 6., Ridley Dec. ¶ 7.) Lowe's records indicate that in 2020, Plaintiff was paid at the rate of $18.76 per hour and that, although Plaintiff's hours fluctuated from week to week, she worked approximately 40 hours per week in 2020. (Ridley Dec. ¶ 7.) Accordingly, Plaintiff earned approximately $39,020.00, annually. (*Id.*)

26. Conservatively estimating a January 2025 trial date (sixteen months after the Complaint was filed), Plaintiff's past lost wages would amount to $175,590.00— approximately four and a half years between when Plaintiff was terminated on August 19, 2020, and trial in January.[1]

27. In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v.*

---

[1] $39,020 annually x 4.5 years = $175,590.

8

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

*Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

28.    An award of three years of front pay would entitle Plaintiff to an additional recovery of up to $117,060.00.[2] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total an amount of **$292,650.00**, clearly establishing that the $75,000 minimum amount in controversy is met.

29.    **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims "general damages according to proof with interest thereon." (Compl. Prayer for Relief, No. 4.) In particular, Plaintiff claims that as a result of Defendant's alleged conduct, she "has suffered general damages, as she was psychologically and emotionally injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction…" (Compl. ¶¶ 78, 109, 126.)

30.    In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n

---

[2] $38,020 annually x 3 years = $117,060.

9

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT
305121513v.2

determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. (*Id.*)

31.    In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Mathews v. Happy Valley Conference Ctr., 43* Cal. App. 5th *236, 247 (Cal. Ct. App. 2019)* (award of $275,000 in non-economic damages for suit alleging retaliatory termination under several legal theories.). These awards demonstrate that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

32.    **Attorney's Fees.** Plaintiff also claims statutory entitlement to attorney's fees. (Compl. Prayer for Relief, No. 12.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary

10

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

33.    Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Roberts Dec. ¶ 4.) Here, if Plaintiff prevails, she could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases alleging discrimination/retaliation and wrongful termination. Indeed, Courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

34.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. Prayer for Relief, No. 6.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under various provisions of the Labor Code that allow for punitive damages, punitive damages may be included in the amount in controversy here." *See, Mathews v. Happy Valley Conference Ctr., Inc.* (2019) 43 CA 5th 236, 267, 256 CR 3d 497, 524.

35.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009)

11

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

(holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case).

36.    **Labor Code Claims.**  Plaintiff also seeks unknown amounts for alleged unpaid overtime, meal and rest premiums and statutory penalties.  (Compl. Prayer for Relief, Nos. 1 and 7.)  These alleged monetary damages only add to the amount in controversy.

37.    In sum, Plaintiff's aggregated recovery on her claims, including alleged compensatory damages such as lost and unpaid wages and emotional distress damages, attorney's fees, and punitive damages, easily satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the alleged amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

38.    Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1), and removal is proper.

## V.    VENUE

39.    Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Kern. (*See,* **Exhibit 1**.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

40.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Kern. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2

41.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibit 1** and **Exhibit 2**. (Roberts Dec. ¶ 3.)

## VII.   PRAYER FOR REMOVAL

Wherefore, Defendant Lowe's Home Centers, LLC, prays that this civil action be removed from the Superior Court of the State of California, County of Kern to the United States District Court for the Eastern District of California.


DATED: October 12, 2023                SEYFARTH SHAW LLP


By: _____
Jamie C. Pollaci
Sumithra R. Roberts
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

13

DEFENDANT'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

305121513v.2