UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN ORTIZ,<br><br>         Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 through 50,<br><br>         Defendants. | Case No. 1:23-cv-01460-JLT-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |
| FERNANDO ALVAREZ,<br><br>         Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 through 50,<br><br>         Defendants. | Case No. 1:23-cv-01462-JLT-CDB<br><br>ORDER CONSOLIDATING CASES PURSUANT TO RULE 42(a) |

On October 12, 2023, separate actions commenced in state court by Plaintiffs Lillian Ortiz and Fernando Alvarez ("Plaintiffs") were removed to this Court by Defendant Lowe's Home Centers, LLC.

On December 20, 2023, in advance of the scheduling conferences in these actions, the parties filed joint scheduling reports in which they represented they consented to consolidate the matters.

1

(No. 1:23-cv-01460-JLT-CDB, Doc. [9]; 1:23-cv-01462-JLT-CDB, Doc. [11]).  In their joint scheduling reports and during the scheduling conference convened by the undersigned on January 8, 2024, the parties represented that the actions arise out of the same employment relationship and involve the same claims and anticipated witnesses.  Further, the parties represent that these cases present common questions of fact and law, and consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a).

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate.  *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (*citing Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)).  "Typically, consolidation is a favored procedure."  *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (*citing In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)).  In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, the Court finds there are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a).  Moreover, the Court agrees with the parties the benefit of consolidation would reduce the burden on judicial resources, the parties, and the witnesses, eliminate the risk of inconsistent adjudications, avoid prejudice, and allow for the orderly and expeditious resolution of both cases to consolidate the actions into one proceeding.

/ / /

Accordingly, IT IS HEREBY ORDERED:

1. The actions denominated as *Ortiz*, No. 1:23-cv-01460-JLT-CDB, and *Alvarez*, No. 1:23-cv-01462-JLT-CDB are CONSOLIDATED under Rule 42(a) for all purposes; and
2. All future filings in the consolidated action shall be submitted under lead case No. 1:23-cv-01460-JLT-CDB.

IT IS SO ORDERED.

Dated:   **January 8, 2024**

_____
UNITED STATES MAGISTRATE JUDGE